UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| MYLISSA FARMER,<br><br>　　　　　Plaintiff,<br>vs.<br><br>THE UNIVERSITY OF KANSAS<br>HOSPITAL AUTHORITY,<br><br>　　　　　Defendant. | )<br>)<br>)　Case No. 2:24-CV-02335<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL AND REDACT DEFENDANT'S EXHIBIT TO MOTION TO DISMISS**

Pursuant to Rule 5.4.2 of the Local Rules of the District of Kansas, Plaintiff respectfully requests that this Court order Exhibit 4 to Defendant's Motion to Dismiss (ECF No. 18-4) sealed and Defendant to replace the current version of the exhibit with Plaintiff's proposed redactions for the reasons set forth herein. This motion is unopposed.

1.　On August 30, 2024, Defendant filed its Motion to Dismiss Plaintiff's Complaint. (ECF No. 18). In support of its motion, Defendant filed Exhibit 4 (ECF No. 18-4), which appears to be one page of Plaintiff's medical record from The University of Kansas Health System. Defendant, on its own, chose to redact certain aspects of the exhibit. Plaintiff was not provided any opportunity to comment on the extent of the redactions in Exhibit 4 before it was filed on the public docket.

2.　Plaintiff objects to the filing of Exhibit 4 on the public docket without further redactions, as it reveals some previously non-public information about Plaintiff's personal medical history, including lab results and details of her surgical history, that was not included in the Complaint and is not relevant to the claims at issue here. Plaintiff has a clear and substantial privacy interest in her personal health information.

1

3. Federal courts have "discretionary power to control and seal, if necessary, records and files in its possession." *Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206-DDC-TJJ, 2024 WL 553968, at *1 (D. Kan. Feb. 12, 2024). The moving "party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (citation omitted).

4. The Tenth Circuit has consistently held that Plaintiffs have a privacy interest in their personal medical information that can overcome the presumption of public access. *See Dillard*, 795 F.3d at 1205-06 ("We have previously recognized that the privacy interest inherent in personal medical information can overcome the presumption of public access") (referencing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011) (approving the filing under seal of files containing private medical information)); *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) ("Medical records . . . are examples of the types of private information this court has allowed to be sealed."). This Court has similarly recognized the privacy interest in personal medical information. *See, e.g.*, *United States v. Fox Run Apartments, LLC*, No. 23-2096-HLT-GEB, 2023 WL 8005037, at *1-2 (D. Kan. Nov. 17, 2023) (granting plaintiff's motion to seal defendants' exhibits after finding that plaintiff "has significant privacy interests in his medical diagnoses and treatment contained in his medical records . . ." and that "his privacy interest is real and substantial which outweigh the public's right to access.").

5. The Tenth Circuit has also indicated its preference for the redaction of documents that contain confidential information over the sealing of entire documents. *See Dillard*, 795 F.3d at 1205-06 (granting the government's motion to seal after reviewing the document and

agreeing it "contain[s] the type of sensitive medical information that should remain under seal" and directing that the relevant pages "should be redacted upon refiling of the appendices"); *Luo*, 71 F.4th at 1304 ("Redacting documents with confidential information is preferable to sealing entire documents"); *see also* District of Kansas Civil Administrative Procedures Guide at 19 ("[P]arties may modify or partially redact other confidential information when permitted by the court (e.g., . . . medical records[)]"); *Orchestrate HR, Inc. v. Blue Cross and Blue Shield of Kan., Inc.*, No. 19-4007-DDC, 2023 WL 6645441, at *2 (D. Kan. Oct. 12, 2023) (finding defendant's proposed redactions were "narrowly tailored and appropriate" to redact third-party medical health information, and finding plaintiffs' motion to redact exhibits that include medical records proper, agreeing "with plaintiffs' base proposition—PHI is private and rarely of public concern").

6. Consistent with the preference for redacting documents containing private medical information, Plaintiff respectfully requests that the Court: (1) seal the currently docketed ECF No. 18-4; and (2) order Defendant to docket an updated version of Exhibit 4 with limited additional redactions, which will be emailed to the Court consistent with the local rules. Plaintiff has redacted the information in Exhibit 4 related to Ms. Farmer's lab tests and medical history. These redactions are narrowly tailored to Ms. Farmer's privacy interest, leaving public the portion of the medical record that Defendant cites in its motion to dismiss. Plaintiff believes such an approach maintains her recognized privacy interest, while appropriately balancing the interests of the public in access to the document.

7. Plaintiff has conferred with Defendant's counsel who has stated that Defendant does not oppose the sealing of Exhibit 4.

3

Dated: September 4, 2024                    Respectfully submitted,

*/s/ Mark V. Dugan*
Mark V. Dugan (Kan. Bar. No. 23897)
Heather J. Schlozman (Kan. Bar No. 23869)
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, KS 66212
(913) 322-3528
Heather@duganschlozman.com
Mark@duganschlozman.com

Alison Deich (*pro hac vice*)
Harini Srinivasan (*pro hac vice*)
Aniko Schwarz (*pro hac vice*)
Nina Jaffe-Geffner (*pro hac vice*)
Sabrina Merold (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
adeich@cohenmilstein.com
hsrinivasan@cohenmilstein.com
aschwarcz@cohenmilstein.com
njaffegeffner@cohenmilstein.com
smerold@cohenmilstein.com

Michelle Banker (*pro hac vice*)
Alison Tanner (*pro hac vice*)
Kenna Titus (*pro hac vice*)
NATIONAL WOMEN'S LAW CENTER
1350 I Street NW, Suite 700
Washington, DC 20005
(202) 588-5180
mbanker@nwlc.org
atanner@nwlc.org
ktitus@nwlc.org

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this motion was filed using the Court's electronic filing system, providing notice to all counsel of record.

                                        */s/ Mark v. Dugan*
                                        Counsel for Plaintiff