UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MYLISSA FARMER,

    Plaintiff,

v.

THE UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY,

    Defendant.

Case No. 24-2335-HLT-BGS

## MEMORANDUM AND ORDER DENYING MOTION TO STAY

The matter come before the Court on Defendant the University of Kansas Hospital Authority's (hereinafter "Defendant") motion to stay discovery. Doc. 27. By way of this motion, Defendant asks the Court to stay all discovery until the District Judge decides its pending motion to dismiss. *See* Doc. 18. Plaintiff Mylissa Farmer (hereinafter "Plaintiff" or "Farmer") opposes the requested stay. For the reasons discussed herein, the Court **DENIES** the motion to stay.

### I. Background

On July 30, 2024, Plaintiff filed this lawsuit asserting that Defendant violated the Emergency Medical Treatment and Labor Act ("EMTALA") and the Kansas Act Against Discrimination ("KAAD"). Specifically, Plaintiff alleges that upon presentation to Defendant for medical treatment related to her pregnancy, Defendant failed to follow proper screening procedures and provide stabilizing care as required under EMTALA. Further, Plaintiff alleges that as a member of a protected claim, she was discriminated against on the basis of sex.

On August 30, 2024, Defendant responded to the complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 18. Defendant's motion assets, *inter alia*, that the EMTALA claims fail because the facts relied on for both claims are internally inconsistent, and the claims do not fall within the class of claims EMTALA was intended to redress. It also argues that

1

the EMTALA claims fail as a matter of law because the EMTALA was never intended to require the provision of specific medical treatment to individual patients. Defendant notes that if the Court were to dismiss the EMTALA claims, the Court could (and should) decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 because the only remaining claim would be a state law claim under the KAAD. To the extent the Court chooses to address the KAAD claim, Defendant argues that the claim fails because "pregnancy" is not a protected class within the statute. In other words, they contend that "pregnancy discrimination" is not the same as "sex discrimination."

On September 17, 2024, Defendant filed the current motion to stay discovery pending the Court's ruling on the motion to dismiss. Defendant notes that the ruling could dispose of the entire action, and as a result, proceeding with discovery would be wasteful and burdensome. Plaintiff opposes the stay arguing that the motion to dismiss lacks merit and is unlikely to be granted. The motion is fully briefed, and the Court is prepared to rule.

## II. Legal Standard

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255. Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 222CV02421JWBKGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay is

appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). If one of these circumstances is present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

**III. Analysis**

Defendant asserts that the case should be stayed pending a ruling on the motion to dismiss because the case is likely to be resolved via its dispositive motion. It argues that its motion to dismiss seeks dismissal of all counts in the lawsuit. Defendant further points out that even if the state law claim survives, the Court should decline to exercise supplemental jurisdiction if the federal claims are dismissed. It also states that there are no facts sought in discovery that have any bearing on the pending motion to dismiss.

The Court has reviewed the briefing on the pending motion to dismiss. Plaintiff's response to Defendant's motion presents numerous counter arguments that could potentially have merit. As a result, the Court is not confident that the case will be fully resolved via the pending motion to dismiss. To be clear, the Court does not presume to predict how the District Judge will rule on the motion; however, the Plaintiff raises viable counter arguments against dismissal at this early stage in the litigation. The Court does not view the pending motion to dismiss as any more or less

meritorious than the numerous other motions to dismiss that are filed in this court regularly. As such, the Court cannot conclude that the District Judge's ruling will likely resolve the case. *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024) (reaching same conclusion when considering similar arguments).

Defendant also argues that discovery would be burdensome and unduly prejudicial at this stage of the litigation. Specifically, it argues that discovery would be "inefficient," and that Plaintiff would suffer no prejudice from a stay. The Court disagrees. Defendant does not identify any clearly defined and serious injury beyond the burden expected with this litigation. While Defendant highlights that Plaintiff and her attorneys have publicized this case to an extent, it does not change the fact that it has not demonstrated that participating in discovery would be wasteful or burdensome enough to warrant a stay. The time and resources that routinely come from litigation do not, on its own, justify a stay. *See Green v. Blake*, No. 18-2247-CM, 2020 WL 618602, at *2 (D. Kan. Feb. 10, 2020).

Should Defendant find that particular discovery requests (or categories of discovery requests) present an undue burden, it is not foreclosed from seeking a protective order.[1] *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *3 (D. Kan. Apr. 27, 2021). Should this situation arise, Defendant is directed to meet and confer with Plaintiff to see if the parties can reach an agreement on whether the specific discovery can be delayed until after a ruling on the motion to dismiss. However, the Court is not inviting broad-reaching motions for protective orders and would not look favorably at any such requests. The Court is only mentioning this in the event there are particular areas of requested discovery that are too onerous to undertake unless and until the court rules its motion to dismiss.

---

[1] The Defendant would still be expected to comply with D. Kan. Rule 37.1(a) and 37.2.

Defendant has not met its burden to demonstrate that this is an exceptional case that warrants a stay. The Court finds that Plaintiff has a right to see this case proceed in a timely manner. The Court will subsequently set this case for a scheduling conference.

**IT IS THEREFORE ORDERED** that Defendant the University of Kansas Hospital Authority's motion to stay discovery, doc. 27, is **DENIED**.

**IT IS SO ORDERED.**

Dated October 18, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge